IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON Jr.,

    Petitioner,               No. 2:09-cv-1455 WBS KJN P

    vs.

JAMES WALKER,

    Respondent.          FINDINGS AND RECOMMENDATIONS

                              /

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Pending before the court is respondent's February 16, 2010 motion to dismiss on the grounds that this action is barred by the statute of limitations. Dkt. No. 14. Petitioner filed an opposition on April 19, 2010. Dkt. No. 16. After carefully considering the entire record, the court recommends that respondent's motion to dismiss be granted and this case closed.

II. <u>Motion to Dismiss</u>

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion

1

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On January 7, 2005, petitioner pled no contest to being an ex-felon in possession of a firearm and admitted two prior felony convictions. Motion to Dismiss (MTD) at 29.[1] On March 8, 2005, petitioner was sentenced to 25 years to life in state prison. Id. Petitioner did not appeal the conviction. Therefore, petitioner's conviction became final 60 days later on May 7, 2005, upon the expiration of time to seek review. Cal. Rules of Court 8.308(a); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001) (discussing former California Rules of Court Rule 31(d)).

Time began to run the next day, on May 8, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until May 8, 2006, to file a timely federal petition, absent applicable tolling. The instant action, filed May 17, 2009,[2] is not timely unless petitioner is entitled to statutory or equitable tolling.

---

[1] The court has referred to all page numbers as they appear on the court's electronic filing system, as respondent's exhibits are not numbered consecutively.

[2] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

Petitioner filed three state post-conviction collateral actions:

1. May 22, 2008: First habeas petition filed in Solano County Superior Court. MTD at 25. The petition was denied on July 30, 2008. Id. at 36.

2. August 29, 2008. Second habeas petition filed in the California Court of Appeal. MTD at 39. The petition was denied on September 17, 2008. Id. at 42.

3. October 22, 2008: Third habeas petition filed in the California Supreme Court. MTD at 62. The petition was denied on April 15, 2009. Id. at 81.

Petitioner filed the instant petition on May 17, 2009.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

Petitioner's first state petition was filed May 22, 2008, more than two years after the statute of limitations for filing a federal petition expired. Petitioner is not entitled to statutory tolling for all three state petitions as all of these petitions were filed after the expiration of the limitations period which occurred on May 8, 2006. State habeas petitions filed after the one-year

federal statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Thus, the instant federal petition filed on May 17, 2009, is untimely.

In his opposition to the motion to dismiss, petitioner appears to argue that pursuant to 28 U.S.C. § 2244(d)(1)(D), that statute of limitations should be given a later start date.[3] Petitioner states that his trial counsel informed him that he could not appeal because he pled guilty as part of a plea deal but there was no mention of a habeas corpus appeal.  Opposition at 3.  At some unspecified point, petitioner states he became aware that he had a meritorious issue to pursue.  Id. at 4.  Petitioner provides no details when he became aware of the facts regarding the meritorious issue or how he became aware of the facts.[4]

Title 28 U.S.C. § 2244(d)(1)(D) provides that the limitations period may run from the date on which the factual predicate of the claim could have been discovered through due diligence.  A prisoner knows of the factual predicate of a claim "when . . . he knows (or through the diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

In the instant case, petitioner has failed to set forth sufficient facts to demonstrate that the statute of limitations should be given a later start date.  Petitioner does not state when he became aware of the factual predicate of the claim, nor does he show that he exercised due diligence in pursuing the factual predicate of the claim.  While petitioner provides very little facts

---

[3] Petitioner presents arguments citing state law, but the court will construe the arguments to pertain to federal habeas relief.

[4] Petitioner does not specify if the facts he discovered apply to one or all three of his habeas claims.  The three grounds in the underlying action are: 1) petitioner's counsel was ineffective for failing to properly investigate petitioner's prior enhancements with respect to sentencing; 2) the trial judge erred by failing to recuse himself as he had previously presided over one of petitioner's prior convictions; and 3) the trial judge erred by using a prior 1993 conviction as a strike. Petition at 4-6.

1  to support his argument, as far as the court can discern it seems that at some point petitioner
2  recognized the legal significance of an issue regarding his sentence, rather than discovering some
3  unknown fact. If that is in fact the case, petitioner would still not be entitled to a later
4  commencement date of the statute of limitations. <u>Hasan</u>, 254 F.3d at 1154 n. 3. Regardless,
5  petitioner's conclusory statements that he became aware of a meritorious issue and pursued it are
6  insufficient to provide a different commencement date of the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 16, 2010 motion to dismiss (Dkt. No. 14) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1455.mtd